**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 13-30126 |
| Plaintiff - Appellee, | D.C. No. 2:12-cr-00036-JCC-1 |
| v. | |
| JAMES POSTLETHWAITE, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the Western District of Washington
John C. Coughenour, Senior District Judge, Presiding

Argued and Submitted July 10, 2014
Seattle, Washington

Before: TASHIMA and MURGUIA, Circuit Judges, and CARNEY, District
Judge.[**]

Defendant-appellant James Postlethwaite appeals his jury conviction for

conspiracy to distribute marijuana. We have jurisdiction pursuant to 28 U.S.C.

§ 1291, and we affirm.

---

[*] This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**] The Honorable Cormac J. Carney, United States District Judge for the
Central District of California, sitting by designation.

Before the district court, Postlethwaite moved to suppress the statements he made on the day of his arrest on three separate grounds: (1) Postlethwaite was in custody as soon as he was detained and should have been given *Miranda* warnings immediately; (2) officials deliberately withheld *Miranda* warnings at first and only later gave the warnings, in violation of *Missouri v. Seibert*, 542 U.S. 600 (2004), rendering his statements inadmissible; and (3) Postlethwaite's waiver of his *Miranda* rights was involuntary because of the circumstances of his detention. The district court denied the motion to suppress on all three grounds, and Postlethwaite was convicted by a jury of conspiracy to distribute marijuana.

On appeal, Postlethwaite contends that two statements in particular he made just after his arrest should have been suppressed because they were part of his invocation of his right to counsel and thus inadmissible under the Fifth Amendment. *See United States v. Bushyhead*, 270 F.3d 905 (9th Cir. 2001). Postlethwaite argues that the district court erred in allowing the Government to introduce and emphasize those two statements in its case-in-chief. However, Postlethwaite acknowledges that he neither argued this particular basis for suppression to the district court nor cited *Bushyhead* or related precedent below. Under Federal Rules of Criminal Procedure 12(b) and 12(e), a defendant must make any motion to suppress evidence before trial and a failure to do so, absent

2

good cause, results in waiver. We have clarified that, "just as a failure to file a timely motion to suppress evidence constitutes a waiver, so too does a failure to raise a *particular ground* in support of a motion to suppress." *United States v. Murillo*, 288 F.3d 1126, 1135 (9th Cir. 2002) (emphasis added) (internal quotation marks omitted). By failing to argue to the district court that his two statements were part of his invocation of his right to counsel and were thus inadmissible, Postlethwaite has waived that ground for suppression. He has placed the issue–his sole issue on appeal–"beyond the scope of our ability to review [even] for plain error." *Id.* Because we are unable to review Postlethwaite's issue on appeal, we affirm.[1]

**AFFIRMED.**

---

[1] There is no claim before us of ineffective assistance of counsel based on counsel's failure to make a *Bushyhead* argument in the district court, so we do not consider such a claim.